IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
WESTERN DIVISION

| | |
|---|---|
| **ANTHONY R. LALA,** | ] |
| **Plaintiff,** | ] |
| v. | ] Case No.: 7:05-cv-1356-LSC-JEO |
| **CHERYL PRICE, et al.,** | ] |
| **Defendants.** | ] |

**MEMORANDUM OF OPINION**

This is a civil action pursuant to 42 U.S.C. § 1983 filed by plaintiff, Anthony R. Lala. In his *pro se* complaint, the plaintiff names Warden Cheryl Price, the Bibb County Correctional Facility, and Bibb County Correctional Officers *COI* Gary Austin, *COI* Causey, *COI* Gerald Mills, and *COI* Wormley as defendants. The plaintiff contends that Defendants Austin, Causey, Mills, and Wormley violated his constitutional right to be free from cruel and unusual punishment by subjecting him to excessive force. As compensation for the alleged constitutional violations, the plaintiff seeks monetary and declaratory relief.

On July 11, 2008, the magistrate judge entered a report and recommendation, recommending that summary judgment be granted in part and denied in part as to the above named defendants. No party filed objections.

Having carefully reviewed and considered *de novo* all the materials in the file, including the report and recommendation, the Court is of the opinion that the magistrate judge's findings of fact and conclusions of law are due to be and are hereby ADOPTED and his recommendation is ACCEPTED. The Court finds that the defendants' motion for summary judgment is due to be GRANTED IN PART and DENIED IN PART as follows:

1. The Court EXPRESSLY FINDS that there are no genuine issues of material fact with regard to the plaintiff's claim that the defendants' actions violated any constitutional right in their official

capacities. Therefore, the defendants' motion for summary judgment is due to be GRANTED to the extent they are sued in their official capacities, and all claims against all the defendants in their official capacities are due to be **DISMISSED** WITH PREJUDICE.

2. The Court EXPRESSLY FINDS that there are genuine issues of material fact with regard to the plaintiff's claim that Defendant Austin, Causey, Mills, and Wormleys' actions, in their individual capacities, violated his Eighth Amendment right to be free from excessive force. As such, Defendant Austin, Causey, Mills, and Wormley's motion for summary judgment is due to be DENIED.

3. The Court EXPRESSLY FINDS that the plaintiff's Eighth Amendment excessive force claim against Defendant Price on the basis of supervisory liability is due to be **DISMISSED** for failure to state a claim.

4. The Court EXPRESSLY FINDS that the plaintiff's Fourteenth Amendment equal protection and due process claims are due to be **DISMISSED** for failure to state a claim.

5. The Court EXPRESSLY FINDS that the plaintiff's claims against the Bibb County Correctional Facility are due to be **DISMISSED** because it is not a legal entity capable of being sued.

An appropriate order will be entered.

Done this 21st day of August 2008.

_____
L. SCOTT COOGLER
UNITED STATES DISTRICT JUDGE
153671